1  JAKE D. FINKEL (SBN 293954)
     jake@lawfinkel.com
2  AVRAHAM KALAF (SBN 325249)
     avi@lawfinkel.com
3  LAW OFFICES OF JAKE D. FINKEL, APC
   3470 Wilshire Blvd., Suite 830
4  Los Angeles, CA 90010
   Mailing: 8605 Santa Monica Blvd., PMB 63688
5  West Hollywood, California 90069-4109
   Telephone: (213) 787-7411
6  Facsimile: (323) 916-0521

7  Attorneys for Plaintiff
   BRIAN BALLARD
8

9  EMMA LUEVANO (SBN 198421)
     eyl@msk.com
   SHANDA LOWE (SBN 278602)
10    syl@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
11 2049 Century Park East, 18th Floor
   Los Angeles, CA  90067-3120
12 Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
13

14 Attorneys for Defendant
   12:05 AM PRODUCTIONS, LLC

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17

18 BRIAN BALLARD, an individual,          CASE NO.  2:22-CV-01997-SB (SKx)

19                                        *Removed from LASC Case* # 22STCV0242

20            Plaintiff,                  Assigned to The Honorable District Judge
                                          Stanley Blumenfeld Jr., Courtroom 6C
21      vs.
                                          Assigned to the Honorable Magistrate Judge
22 12 05 AM PRODUCTIONS, LLC, a           Steve Kim, Courtroom 540
   Delaware corporation; and DOES 1
23 through 50, inclusive,                 **STIPULATED PROTECTIVE ORDER**

24                                        File Date:      01/20/2022
            Defendants.                   Trial Date:     02/21/2023
25

26

27

28

_____

                      **STIPULATED PROTECTIVE ORDER**

1   1.      <u>INTRODUCTION</u>

2       1.1.   <u>PURPOSES AND LIMITATIONS</u>

3       Discovery in this action may involve production of confidential, proprietary,

4 or private information for which special protection from public disclosure and from

5 use for any purpose other than prosecuting this litigation may be warranted.

6 Accordingly, the Parties hereby stipulate to and petition the Court to enter the

7 following Stipulated Protective Order.  The Parties acknowledge that this Order

8 does not confer blanket protections on all disclosures or responses to discovery and

9 that the protection it affords from public disclosure and use extends only to the

10 limited information or items that are entitled to confidential treatment under the

11 applicable legal principles.  The Parties further acknowledge, as set forth in

12 Section 12.3 below, that this Order does not entitle them to file Confidential

13 Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

14 followed and the standards that will be applied when a Party seeks permission from

15 the Court to file material under seal.

16       1.2.   <u>GOOD CAUSE STATEMENT</u>

17       This is an employment action in which Plaintiff alleges that Defendant

18 subjected him to retaliation for complaining about illegal conduct and unsafe work

19 conditions on the set of "Jimmy Kimmel Live!" (the "Show").  Plaintiff further

20 alleges that, in January 2021, Defendant failed to rehire him as a set dresser on the

21 bases of his protected activities.

22       Defendant denies generally and specifically the allegations in Plaintiff's

23 Complaint, including that Defendant failed to re-hire him because of any protected

24 activities.  In or about March 2020, Plaintiff ceased working for Defendant when

25 production on the Show shut down due to the COVID-19 pandemic.  When the

26 Show was scheduled to start production in studio again, Defendant hired a smaller

27 crew, which did not include Plaintiff.

28

**STIPULATED PROTECTIVE ORDER**

This action is likely to involve confidential and highly confidential, proprietary, and trade secret information, private information of third parties, and other commercial and financial information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Plaintiff's medical and financial information may also require special protection from disclosure.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1.    Action:  the above-referenced pending federal lawsuit, *Brian Ballard v. 12:05 AM Productions, LLC*, Case No. 2:22-cv-01997-SB (skx).

2.2.    Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER

2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8.    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.    Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.  Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11.  Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

STIPULATED PROTECTIVE ORDER

2.12.  <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**STIPULATED PROTECTIVE ORDER**

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    Except as otherwise provided in Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)    for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party

6

must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. Alternatively, when it is impractical to identify separately each portion of testimony that is entitled to protection, the Designating Party shall have up to 21 days after a deposition, hearing, or other proceeding to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the

STIPULATED PROTECTIVE ORDER

"Acknowledgment and Agreement to be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c)     for information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Any correction and notice of such correction shall be made in writing, accompanied by substitute copies of each item of Disclosure or Discovery Material, appropriately designated.  Once substitute copies have been provided, all copies of inadvertently unmarked items or documents shall be destroyed or returned to the Producing Party.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.

6.2.   The Challenging Party must initiate the dispute-resolution process (and,

if necessary, file a discovery motion) under Local Rule 37.

6.3.    The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIALS

7.1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

1  Action;

2          (c)      Experts (as defined in this Order) of the Receiving Party to

3  whom disclosure is reasonably necessary for this Action and who have signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          (d)      the Court and its personnel;

6          (e)      court reporters and their staff;

7          (f)      professional jury or trial consultants, mock jurors, and

8  Professional Vendors to whom disclosure is reasonably necessary for this Action

9  and who have signed the "Acknowledgment and Agreement to Be Bound"

10  (Exhibit A);

11          (g)      the author or recipient of a document containing the information

12  or a custodian or other person who otherwise possessed or knew the information;

13          (h)      during their depositions, witnesses and attorneys for witnesses to

14  whom disclosure is reasonably necessary, provided that the deposing party requests

15  that the witness sign the form attached as Exhibit A hereto and the witnesses will

16  not be permitted to keep any confidential information unless they sign the form,

17  unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

18  transcribed deposition testimony or exhibits to depositions that reveal Protected

19  Material may be separately bound by the court reporter and may not be disclosed to

20  anyone except as permitted under this Order; and

21          (i)      any mediator or settlement officer, and their supporting

22  personnel, mutually agreed on by any of the Parties engaged in settlement

23  discussions or appointed by the Court.

24  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

25        IN OTHER LITIGATION

26        If a Party is served with a subpoena or a court order issued in other litigation

27  that compels disclosure of any information or items designated in this Action as

28  "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission.  The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)     In the event that a Party is required by a valid discovery request to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)     promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Nonparty, if requested.

(c)     If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify the Designating Party in writing of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated, and (4) ask that person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Order submitted to the Court.

12.   <u>MISCELLANEOUS</u>

12.1.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  By stipulating to the entry of this Order, no Party waives any right he/it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.    <u>SANCTIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**STIPULATED PROTECTIVE ORDER**

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  July 8, 2022                    JAKE D. FINKEL
                                             AVRAHAM KALAF
4                                            LAW OFFICES OF JAKE D. FINKEL, APC

5

6
                                             By: /s/ Avraham Kalaf
7                                                 Avraham Kalaf
                                                  Attorneys for Plaintiff
8                                                 Brian Ballard

9

10   DATED:  July 8, 2022                    EMMA LUEVANO
                                             SHANDA LOWE
11                                           MITCHELL SILBERBERG & KNUPP LLP

12

13
                                             By: /s/Shanda Lowe
14                                                Shanda Lowe
                                                  Attorneys for Defendant
15                                                12:05 AM PRODUCTIONS, LLC

16

17   Attestation Regarding Signatures:  Pursuant to Local Rule 5-4.3.4(2), I, Shanda
18   Lowe, attest that all signatories listed, and on whose behalf the filing is submitted,
     concur in the filing's content and have authorized the filing.
19

20                                           By:  /s/Shanda Lowe

21
      FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
22

23    DATED:      July 12, 2022

24

25                                           Honorable Steve Kim
                                             United States Magistrate Judge
26

27

28

                                         15
                          **STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Brian Ballard v. 12:05 AM Productions, LLC*, Case No. 2:22-cv-01997-SB (skx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State Where Sworn and Signed: _____

Printed Name: _____

Signature: _____

16

**STIPULATED PROTECTIVE ORDER**